## DAVE WALKER v. J. H. PAULSON.

### (162 N. W. 299.)

**County court — judgment in — appeal from — new trial — motion for — order denying — verdict — judgment.**

In this case an appeal was taken from the judgment, but no appeal from a subsequent order denying a motion for a new trial. The record shows no error and the verdict and judgment might well have been for a greater sum.

Opinion filed March 15, 1917.

Appeal from the County Court of Increased Jurisdiction of Renville County, Hon. *Percy S. Crewe,* Judge.

Affirmed.

*George I. Rodsater,* for appellant.

"Generally speaking, it is ground for new trial that the verdict is contrary to the evidence. A more accurate statement deduced from the language of the various courts is that a new trial will be granted where the verdict is plainly, manifestly, clearly, or strongly against the weight of evidence—that the verdict is so clearly against the evidence as to indicate that the jury misapprehended the facts, or the principles of law governing the case." 29 Cyc. 830.

*Grace & Bryans,* for respondent.

"Where a motion for a new trial based upon alleged insufficiency

of the evidence is made and denied after judgment and no appeal from the order is taken, this court follows the rule established, and will not on appeal from the judgment consider assignments based solely upon the alleged ground of insufficiency of the evidence." Heald v. Strong, 24 N. D. 120, 138 N. W. 1114; Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276.

In a case tried to a jury and verdict rendered and judgment entered thereon, a motion for a new trial is necessary, and the appeal should be from the order denying such motion, and not from the judgment alone. Russell v. Olson, 22 N. D. 410, 37 L.R.A.(N.S.) 1217, 133 N. W. 1030, Ann. Cas. 1914B, 1069.

There are no errors of law assigned or stated by appellant which this court can pass upon, as this appeal is taken wholly from the judgment alone. Heald v. Strong, supra.

This action cannot be tried anew in this court, as demanded by appellant. The action was properly for the jury, and the fact that it was tried to the judge of the court, without a jury, but by consent, does not change the rule. American Case & Register Co. v. Boyd, 22 N. D. 166, 133 N. W. 65.

ROBINSON, J. This action arises on one of those long, hard, cut-throat cropping contracts, reserving to the landowner the title to the crops until the producer complies with numerous conditions. In the summer of 1915 the plaintiff farmed certain land, producing wheat, 2,957 bushels, barley, 533 bushels, oats, 2,010 bushels. The defendant took and sold the plaintiff's share of the wheat and barley and left him to recover for his summer's work and expense at the end of a long and vexatious action. He appeals from a verdict and judgment against him for $545.92 and the costs. In the record it is stipulated that the instructions given by the court to the jury correctly stated the law of the case and the figures in dispute.

After the time for appeal had expired, defendant moved for a new trial and caused a statement of the case to be settled, against objections that it was too late. In the absence of good cause shown to extend the time for settling the statement of the case, the statute limits the time to sixty days, and in this case there was no cause shown for any extension. The record shows no error. The judgment is concededly regu-

lar, and there is nothing for the court to consider. It looks as if the appeal were taken for delay. Defendant admits the taking of grain to the amount of $1,066.23, and it seems the jury allowed on his several claims the sum of $521.31. One claim was $380.70 on account of the failure of Walker to summer fallow 60 acres. That was a claim of $6.30 an acre, or about four times the cost of summer fallowing. A person who makes and asks the court to sanction such claims as are made by the defendant is not entitled to much consideration. It was the bounden duty of the landowner to treat his cropping tenant with fairness and common courtesy, and not to take and sell his share of the crops, leaving him to recover at the end of a long, protracted, and vexatious lawsuit. The verdict and judgment might well have been for a larger sum.

The judgment is affirmed.

Mr. Justice GRACE, being disqualified, did not participate.